The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which here entered into by the parties at the hearing as:
 STIPULATIONS
1. That all the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and the subject matter herein. That the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff-employee at all relevant times herein.
3. That ITT Hartford was the workers' compensation carrier on the risk at all relevant times herein.
4. That the employee's average weekly wage at the time of the alleged injury was $253.60.
5. That plaintiff was injured by accident arising out of and in the course of her employment with defendant-employer on 28 December 1993.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was thirty-two years old at the time of the hearing. She has completed high school and one year of college.
2. On or about 18 March 1994, the parties entered into a Form 21 Agreement wherein defendants agreed that on 28 December 1993, plaintiff sustained an injury to her back while in the scope and course of her employment. The parties further agreed that plaintiff's average weekly wage at the time of her injury was $267.12, subject to verification, which yields a compensation rate of $178.09. Pursuant to the Agreement, defendants began paying plaintiff temporary total disability compensation in the amount of $178.09 per week, beginning 5 January 1994 and continuing for necessary weeks. The Form 21 Agreement was approved by the Commission on 15 December 1994.
3. Plaintiff was treated for an annular tear by neurologist, Dr. Anthony Wheeler. Dr. Wheeler was of the opinion that the only real treatment for plaintiff's condition was exercise, and he recommended physical therapy. Plaintiff did not do well in physical therapy, and Dr. Wheeler eventually determined that the only effective treatment for her was to return to work. Dr. Wheeler noted that plaintiff's return to work was "a behavioral treatment," designed to increase her tolerance for working through her pain.
4. On 2 August 1994 Dr. Wheeler released plaintiff to return to work part-time, with certain restrictions. A schedule was planned wherein plaintiff would work for fours hours per day for two weeks, then progress to six hours per day for one week, then return to full-time employment at eight hours per day the next week. Defendant-employer offered plaintiff a job within those restrictions, and plaintiff returned to work. Plaintiff voluntarily left her employment after one or two weeks, complaining of continued pain. She did not receive medical support for her decision to terminate her employment. Plaintiff did not attempt to seek other employment until September 1995.
5. On 25 August 1994, the parties entered into a Form 26 Agreement wherein defendants agreed that plaintiff's earning ability was reduced from $267.12 per week to $130.00 per week as of 4 August 1994. The Agreement was approved by the Commission on 15 December 1994. Thereafter, defendants did not pay plaintiff in accordance with the Form 26 Agreement and did not obtain Industrial Commission approval for the termination of benefits.
6. Dr. Wheeler last saw plaintiff on 1 September 1994. During that examination, plaintiff demonstrated positive Waddell signs to tests in each of five different categories. These results indicate symptom magnification and provide indications of non-organic or nonphysical factors contributing to her claimed condition.
7. On 16 January 1995 plaintiff presented to orthopedic surgeon, Dr. Sandra Abda. Dr. Abda rated plaintiff with a five percent permanent partial disability to her back. Dr. Abda also testified that plaintiff's claim of pain was out of proportion to her physical findings, that plaintiff's description of her symptoms was not consistent with the type of injury she had sustained, and that plaintiff should be able to return to work.
8. In September 1995 plaintiff began to work part time for her sister at an insurance agency. Plaintiff was not paid for this work.
9. On 1 May 1996, plaintiff began receiving wages for the job with her sister. The job duties did not change between September 1995 and May 1996, other than becoming a full time position.
10. The job offered to plaintiff by defendant-employer on 4 August 1994 was within plaintiff's restrictions as imposed by Dr. Wheeler. Testimony was presented that plaintiff never complained of pain to her supervisor during her attempt to return to work and never asked for assistance in performing her duties. The position remained available to plaintiff at the time of the hearing before Deputy Commissioner Glenn. Plaintiff's voluntary termination of her employment with defendant-employer was unjustified.
11. Plaintiff's return to work was a significant part of her rehabilitation, and her voluntary termination of employment constitutes a refusal to accept medical treatment.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has unjustifiably refused to accept suitable employment offered by defendant-employer; therefore, she is not eligible to receive temporary partial compensation under the Act. N.C. Gen. Stat. § 97-32.
2. Plaintiff has unjustifiably refused to accept medical treatment in the form of a rehabilitative return to work as recommended by her treating physician; therefore, she is not eligible for further compensation under the Act. N.C. Gen. Stat. § 97-25.
3. Plaintiff is eligible to receive compensation for fifteen weeks at $178.09 per week for the five percent permanent partial disability to her back. N.C. Gen. Stat. § 97-31(23).
4. Defendants should be sanctioned for failing to obtain Industrial Commission approval before terminating payment of benefits.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD and ORDER
1. Plaintiff's claim for continuing compensation and/or further or additional medical compensation benefits must be and is hereby DENIED.
2. Defendants shall pay plaintiff a lump sum payment equivalent to fifteen weeks at $178.09 per week.
3. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent of plaintiff's recovery. Twenty-five percent of plaintiff's lump sum payment pursuant to Paragraph 2 shall be paid directly to plaintiff's counsel.
4. Defendants shall pay sanctions to the Industrial Commission in the amount of Five Hundred Dollars ($500.00).
4. Each side shall bear its own costs.
 S/ ______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________ THOMAS J. BOLCH COMMISSIONER
RCR:jbd